TRACY L. WILKISON
United States Attorney
SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division
BENJAMIN R. BARRON (Cal. Bar No. 257094)
Assistant United States Attorney
Chief, Santa Ana Branch Office
    Ronald Reagan Federal Bldg & U.S. Courthouse
    411 West 4th Street, Suite 8000
    Santa Ana, California 92701
    Telephone: (714) 338-3536
    Facsimile: (714) 338-3561
    E-mail:   ben.barron@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. SA CR 96-55(C)-JLS |
|---|---|
| Plaintiff, | _AMENDED_ PLEA AGREEMENT FOR DEFENDANT JOSE P. BALMACEDA |
| v. | |
| RICARDO H. ASCH, et al., | |
| Defendants. | |

    1.  This constitutes the plea agreement between JOSE P. BALMACEDA ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

    2.  Defendant agrees to:

        a.  At the earliest opportunity requested by the USAO and provided by the Court, and following the issuance of a United States visa authorizing defendant's entry into the United States, appear and

plead guilty to count 24 of the Third Superseding Indictment in United States v. Ricardo H. Asch, et al., SA CR No. 96-55(C), which charge defendant with subscribing to a false income tax return in violation of 26 U.S.C. § 7206(1).

    b.   Not contest facts agreed to in this agreement.

    c.   Abide by all agreements regarding sentencing contained in this agreement.

    d.   Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

    e.   Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

    f.   Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

    g.   Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

    3.   Defendant admits that defendant received $64,208 and $52,951 of unreported income for the years 1991 and 1992, respectively.  Defendant agrees that:

    a.   Defendant is liable for the fraud penalty imposed by the Internal Revenue Code, 26 U.S.C. § 6663, on the understatements of tax liability for 1991 and 1992.

    b.   Defendant gives up any and all objections that could be asserted to the Examination Division of the Internal Revenue Service receiving materials or information obtained during the

2

1  criminal investigation of this matter, including materials and

2  information obtained through grand jury subpoenas.

3          c.   Defendant will sign closing agreements with the

4  Internal Revenue Service within seven court days of his initial

5  appearance in the above-captioned matter, permitting the Internal

6  Revenue Service to assess and collect the total sum of $19,904 and

7  $16,415 for the defendant's tax years 1991 and 1992, respectively,

8  which comprises the tax liabilities, as well as assess and collect

9  the civil fraud penalty for each year and statutory interest, on the

10 tax liabilities, as provided by law.  Defendant shall complete

11 payment of all such amounts to the Internal Revenue Service within

12 fourteen days of signing the closing agreements.

13         d.   In the event that defendant files amended returns for

14 tax years 1991 and/or 1992, nothing in this agreement forecloses or

15 limits the ability of the Internal Revenue Service to examine and

16 make adjustments to defendant's returns after they are filed.

17         e.   Defendant will not, after filing such return(s), file

18 any claim for refund of taxes, penalties, or interest for amounts

19 attributable to the return(s).

20                        THE USAO'S OBLIGATIONS

21    4.   The USAO agrees to:

22         a.   Not contest facts agreed to in this agreement.

23         b.   Abide by all agreements regarding sentencing contained

24 in this agreement.

25         c.   At the time of sentencing, move to dismiss (1) the

26 remaining counts of the Third Superseding Indictment as against

27 defendant, and (2) as to defendant only, the indictment in United

28 States v. Ricardo Asch and Jose P. Balmaceda, SA CR 97-74.  Defendant

                                3

1   agrees, however, that at the time of sentencing the Court may

2   consider any dismissed charges in determining the applicable

3   Sentencing Guidelines range, the propriety and extent of any

4   departure from that range, and the sentence to be imposed.

5            d.   At the time of sentencing, provided that defendant

6   demonstrates an acceptance of responsibility for the offenses up to

7   and including the time of sentencing, recommend a two-level reduction

8   in the applicable Sentencing Guidelines offense level, pursuant to

9   U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an

10  additional one-level reduction if available under that section.

11           e.   Provided that the offense level used by the Court to

12  determine that range is 8, and provided that defendant demonstrates

13  an acceptance of responsibility for the offenses up to and including

14  the time of sentencing, to recommend that defendant be sentenced to a

15  term of probation.

16                        <u>NATURE OF THE OFFENSES</u>

17       5.   Defendant understands that for defendant to be guilty of

18  the crime charged in count 24, that is, subscribing to a false tax

19  return, in violation of Title 26, United States Code, Section

20  7206(1), the following must be true:

21           a.   First, defendant signed and filed a tax return that

22  defendant knew contained false information as to a material matter;

23           b.   Second, the return contained a written declaration

24  that it was being signed subject to the penalties of perjury; and

25           c.   Third, in filing the false tax return, the defendant

26  acted willfully.

27

28

<u>PENALTIES AND RESTITUTION</u>

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 26, United States Code, Section 7206(1), is: three years imprisonment; a one-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands and agrees that the Court: (a) may order defendant to pay restitution in the form of any additional taxes, interest, and penalties that defendant owes to the United States based upon the count of conviction and any relevant conduct; and (b) must order defendant to pay the costs of prosecution, which may be in addition to the statutory maximum fine stated above.

8.    Defendant also understands and agrees that the Court may also order restitution to any victim of any of the following for any losses suffered by that victim as a result of (1) any counts dismissed pursuant to this agreement, to include the dismissal of counts in <u>United States v. Ricardo Asch and Jose P. Balmaceda</u>, SA CR 97-74; and (2) all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts.

9.    Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could

result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11.   Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case makes it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States.  Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case.  Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his/her attorney or the Court, can predict to an absolute certainty the effect of his/her convictions on his/her

6

immigration status.  Defendant nevertheless affirms that he/she wants to plead guilty regardless of any immigration consequences that his/her pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12.  Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty.  Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 14 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

At all times relevant to this plea, defendant, co-defendant Ricardo H. Asch ("Asch") and co-defendant Sergio C. Stone ("Stone" and, collectively, the "defendants") were medial doctors licensed to practice medicine in the State of California and were partners in two medical partnerships, both of which were called the Center for Reproductive Health ("CRH").  CRH operated out of two offices: one located at the University of California, Irvine, Medical Center ("UCI MC"), and the other at Saddleback Memorial Medical Center ("SMMC") in Laguna Hills, California.

Beginning in or about January 1991, and continuing to at least September 15, 1993, in Orange County, California, within the Central District of California, defendant, Asch, and Stone (collectively, the "defendants") schemed to defraud the United States by impeding,

7

impairing, obstructing, and defeating the lawful functions of the Internal Revenue Service ("IRS") of the Department of Treasury, in the ascertainment, computation, assessment, and collection of revenue, namely, income taxes.

The scheme was carried out, in part, as follows:

a. One or more of the defendants would cause clerical staff at both UCI MC and SMMC to collect cash from CRH patients in payment for services or materials provided, and to account for such forms of payment in their partnership books differently from the manner in which they accounted for credit card and personal check payments.

b. If a CRH patient paid for a professional fee with a credit card or personal check, one or more of the defendants would cause clerical staff to record the transaction as a payment from the patient.

c. If a CRH patient paid for a professional fee in cash, the defendants would cause clerical staff to inaccurately record the transaction as an "adjustment" to the patient's account, rather than as a payment from the patient.

d. One or more of the defendants would direct clerical staff not to deposit cash payments into the CRH business bank accounts into which the other forms of payment were deposited, but rather to place the cash into an envelope, which would be collected by whichever defendant was available at the end of the business day.

e. Upon collecting cash at the end of a business day, one or more of the defendants would sign an internal record for the amount of cash they were taking.

      f.    At the end of each month, one or more of the defendants would utilize the internal records of the collected cash to divide up the cash income that had been kept off the partnership books.

      g.    The defendants would cause clerical staff to submit copies of the falsified partnership books to their accountant (the "tax accountant") for purposes of computing partnership income for federal income tax reporting, and to withhold from the tax accountant the internal records reflecting the cash income that had been kept off of the partnership books.

      h.    The defendants would subscribe U.S. Partnership Income Tax Returns, Form 1065, and U.S. Joint Individual Income Tax Returns, Form 1040, which did not report the cash income that had been kept off of the partnership books.

      i.    After the tax accountant became aware that the CRH partnerships had earned unreported cash income for the tax years 1991 and 1992, one or more of the defendants would fail to authorize the tax accountant to file amended U.S. Partnership Tax Returns and U.S. Joint Individual Income Tax Returns.

In or about April 1991, defendant subscribed a U.S. Joint Individual Income Tax Return, Form 1040, for calendar year 1991, which failed to report at least $64,208 the cash income that had been kept off of the partnership books for that year.  On or about September 15, 1993, defendant subscribed a U.S. Joint Individual Income Tax Return, Form 1040, for calendar year 1992, which failed to report at least $52,951 in cash income that had been kept off of the partnership books for that year.  Defendant's failure to report those cash revenues caused losses to the IRS of approximately $19,904 for

tax year 1991 and $16,415 for tax year 1992, not including interests
and penalties.

For each of those tax returns, defendant admits: (1) that he
signed the tax return and caused it to be filed, while knowing that
the tax return contained false information as to a material matter;
(2) that defendant signed each tax return under penalty of perjury;
and (3) that, in filing the tax return, defendant acted willfully.

SENTENCING FACTORS

13.  Defendant understands that in determining defendant's
sentence the Court is required to calculate the applicable Sentencing
Guidelines range and to consider that range, possible departures
under the Sentencing Guidelines, and the other sentencing factors set
forth in 18 U.S.C. § 3553(a).  Defendant understands that the
Sentencing Guidelines are advisory only, that defendant cannot have
any expectation of receiving a sentence within the calculated
Sentencing Guidelines range, and that after considering the
Sentencing Guidelines and the other § 3553(a) factors, the Court will
be free to exercise its discretion to impose any sentence it finds
appropriate up to the maximum set by statute for the crime of
conviction.

14.  Defendant and the USAO agree to the following applicable
Sentencing Guidelines factors, based on the November 1, 1992 edition
of the Sentencing Guidelines, which was in effect at the time of the
offense conduct:

Base Offense Level:              10      U.S.S.G. §§ 2T1.3(a)(1),
                                                   2T4.1(E)

Acceptance of Responsibility:    -2      U.S.S.G. § 3E1.1(a)

10

Total Offense Level:                    8

The USAO will agree to a two-level downward adjustment for acceptance of responsibility only if the conditions set forth in paragraph 4(d) are met and if defendant has not committed, and refrains from committing, acts constituting obstruction of justice within the meaning of U.S.S.G. § 3C1.1, as discussed below.  Subject to paragraph 28 below, defendant and the USAO agree not to seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed.  Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section and to argue that defendant is not entitled to a downward adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1.

15.  Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.  Defendant and the USAO agree that, taking into account the factors listed in 18 U.S.C. § 3553(a)(1)-(7), the relevant Sentencing Guidelines effective on November 1, 1992 represent a reasonable basis for the Court to determine defendant's sentence in this case, and that defendant should be sentenced in accordance with the Sentencing Guidelines.  Therefore, subject to paragraph 28 below, with respect to calculation of the total offense level, defendant and the USAO agree not to argue, either orally or in writing, that the Court

(a) not follow the Sentencing Guidelines in imposing sentence; or (b) impose a sentence not in accordance with the Sentencing Guidelines.

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.  Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel –- and if necessary have the Court appoint counsel -- at trial.  Defendant understands, however, that, defendant retains the right to be represented by counsel –- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

1

<u>WAIVER OF APPEAL OF CONVICTION</u>

2      18.  Defendant waives and gives up any right to appeal
3  defendant's convictions on the offenses to which defendant is
4  pleading guilty.  Defendant understands that this waiver includes,
5  but is not limited to, arguments that the statutes to which defendant
6  is pleading guilty are unconstitutional, and any and all claims that
7  the statement of facts provided herein is insufficient to support
8  defendant's pleas of guilty.

9  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND COLLATERAL ATTACK</u>

10     19.  Defendant agrees that, provided the Court imposes a term of
11 imprisonment within or below the range corresponding to an offense
12 level of 10 and the criminal history category calculated by the
13 Court, defendant gives up the right to appeal all of the following:
14 (a) the procedures and calculations used to determine and impose any
15 portion of the sentence; (b) the term of imprisonment imposed by the
16 Court; (c) the fine imposed by the Court, provided it is within the
17 statutory maximum; (d) to the extent permitted by law, the
18 constitutionality or legality of defendant's sentence, provided it is
19 within the statutory maximum; (e) the amount and terms of any
20 restitution order, provided it requires payment of no more than
21 $36,319; (f) the term of probation or supervised release imposed by
22 the Court, provided it is within the statutory maximum; and (g) any
23 of the following conditions of probation or supervised release
24 imposed by the Court: the conditions set forth in General Order 18-10
25 of this Court; the drug testing conditions mandated by 18 U.S.C.
26 §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions
27 authorized by 18 U.S.C. § 3563(b)(7).

28

13

20.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

21.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment within or above the range corresponding to an offense level of 10 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the amount of restitution ordered.

<u>RESULT OF WITHDRAWAL OF GUILTY PLEA</u>

22.   Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this

14

agreement and the filing commencing any such action; and

(ii) defendant waives and gives up all defenses based on the statute

of limitations, any claim of pre-indictment delay, or any speedy

trial claim with respect to any such action, except to the extent

that such defenses existed as of the date of defendant's signing this

agreement.

<u>EFFECTIVE DATE OF AGREEMENT</u>

23.   This agreement is effective upon signature and execution of

all required certifications by defendant, defendant's counsel, and an

Assistant United States Attorney.

<u>BREACH OF AGREEMENT</u>

24.   Defendant agrees that if defendant, at any time after the

signature of this agreement and execution of all required

certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of

defendant's obligations under this agreement ("a breach"), the USAO

may declare this agreement breached.  All of defendant's obligations

are material, a single breach of this agreement is sufficient for the

USAO to declare a breach, and defendant shall not be deemed to have

cured a breach without the express agreement of the USAO in writing.

If the USAO declares this agreement breached, and the Court finds

such a breach to have occurred, then: (a) if defendant has previously

entered guilty pleas pursuant to this agreement, defendant will not

be able to withdraw the guilty pleas, and (b) the USAO will be

relieved of all its obligations under this agreement.

25.   Following the Court's finding of a knowing breach of this

agreement by defendant, should the USAO choose to pursue any charge

1   that was either dismissed or not filed as a result of this agreement,

2   then:

3          a.   Defendant agrees that any applicable statute of

4   limitations is tolled between the date of defendant's signing of this

5   agreement and the filing commencing any such action.

6          b.   Defendant waives and gives up all defenses based on

7   the statute of limitations, any claim of pre-indictment delay, or any

8   speedy trial claim with respect to any such action, except to the

9   extent that such defenses existed as of the date of defendant's

10  signing this agreement.

11         c.   Defendant agrees that: (i) any statements made by

12  defendant, under oath, at the guilty plea hearing (if such a hearing

13  occurred prior to the breach); (ii) the agreed to factual basis

14  statement in this agreement; and (iii) any evidence derived from such

15  statements, shall be admissible against defendant in any such action

16  against defendant, and defendant waives and gives up any claim under

17  the United States Constitution, any statute, Rule 410 of the Federal

18  Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal

19  Procedure, or any other federal rule, that the statements or any

20  evidence derived from the statements should be suppressed or are

21  inadmissible.

22         COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES

23                        OFFICE NOT PARTIES

24     26.  Defendant understands that the Court and the United States

25  Probation and Pretrial Services Office are not parties to this

26  agreement and need not accept any of the USAO's sentencing

27  recommendations or the parties' agreements to facts or sentencing

28  factors.

27.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case.  While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

28.  Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement.  Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

<u>NO ADDITIONAL AGREEMENTS</u>

29.   Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

<u>PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING</u>

30.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

TRACY L. WILKISON
Acting United States Attorney

_____          August 27, 2021
BENJAMIN R. BARRON                    _____
Assistant United States Attorney      Date

_____          8 / 11 / 2021
JOSE C. BALMACEDA                     _____
Defendant                             Date

_____          August 25, 2021
TERREE BOWERS                         _____
Attorney for Defendant BALMACEDA      Date


<u>CERTIFICATION OF DEFENDANT</u>

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has

1 advised me of my rights, of possible pretrial motions that might be
2 filed, of possible defenses that might be asserted either prior to or
3 at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a),
4 of relevant Sentencing Guidelines provisions, and of the consequences
5 of entering into this agreement.  No promises, inducements, or
6 representations of any kind have been made to me other than those
7 contained in this agreement.  No one has threatened or forced me in
8 any way to enter into this agreement.  I am satisfied with the
9 representation of my attorney in this matter, and I am pleading
10 guilty because I am guilty of the charges and wish to take advantage
11 of the promises set forth in this agreement, and not for any other
12 reason.

13

14 _____          _____
   JOSE P. BALMACEDA                    Date    8/11/2021
   Defendant
15

16

17                    CERTIFICATION OF DEFENDANT'S ATTORNEY

18     I am JOSE P. BALMACEDA's attorney.  I have carefully and
19 thoroughly discussed every part of this agreement with my client.
20 Further, I have fully advised my client of his rights, of possible
21 pretrial motions that might be filed, of possible defenses that might
22 be asserted either prior to or at trial, of the sentencing factors
23 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
24 provisions, and of the consequences of entering into this agreement.
25 To my knowledge: no promises, inducements, or representations of any
26 kind have been made to my client other than those contained in this
27 agreement; no one has threatened or forced my client in any way to
28 enter into this agreement; my client's decision to enter into this

                                    19

agreement is an informed and voluntary one; and the factual basis set
forth in this agreement is sufficient to support my client's entry of
guilty pleas pursuant to this agreement.

_____       August 25, 2021
TERREE BOWERS                          _____
Attorney for Defendant BALMACEDA       Date